**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| IFREEDOM DIRECT CORPORATION, a Utah corporation,<br><br>             Plaintiff-Appellant,<br><br>   v.<br><br>PETER MCCORMICK, an individual; VETERANS FIRST REAL ESTATE AND MORTGAGE COMPANY, a California corporation,<br><br>             Defendants-Appellees. | No.    16-55877<br><br>D.C. No.<br>8:16-cv-00470-JLS-KES<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted December 5, 2016[**]
Pasadena, California

Before:  PREGERSON, D.W. NELSON, and OWENS, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

iFreedom Direct Corporation (iFreedom) appeals the district court's order denying its motion for a preliminary injunction. The district court denied the preliminary injunction because iFreedom failed to show a likelihood of irreparable harm. We have jurisdiction under 28 U.S.C. § 1292(a)(1). Reviewing for abuse of discretion, we affirm. *Herb Reed Enters., LLC v. Florida Entm't Mgmt., Inc.*, 736 F.3d 1239, 1247 (9th Cir. 2013).

The district court found that iFreedom's ten-month delay in seeking a preliminary injunction undermined its claim of irreparable harm. This finding was not "illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *Id*. (quoting *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc)). One could infer from the record that iFreedom was likely to enter the California market around the time it sent Peter McCormick the cease and desist letter that complained that his use was "likely to lead to confusion among consumers and the public" and also alleged "violation[s] of state and federal . . . trademark law."

Moreover, the district court did not abuse its discretion when it concluded that the evidence iFreedom submitted to show a likelihood of irreparable harm—primarily the declaration of a mortgage industry expert—was too

2

speculative. The expert's declaration failed to show that harm is likely to occur or that traditional remedies, like monetary damages, are inadequate. *Id*. at 1250.

**AFFIRMED**.